**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MICHAEL BUTLER,
ADC #500230**                                                                                                                        **PLAINTIFF**

**v.**                     **CASE NO. 3:11CV00088-BSM**

**MANILA POLICE DEPARTMENT, et al.**                                   **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Michael Butler, a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction, has been granted *in forma pauperis* status to proceed in this action filed pursuant to 42 U.S.C § 1983.

In his complaint, Butler states he was arrested in May 2002 for failing to pay restitution of $439.84, and was incarcerated on the charge for forty-three days in the Mississippi County Jail. He states he has been incarcerated since that time and is scheduled to be released next year, but recently learned that he still owes the $439.84 restitution charge. Butler claims that by serving forty-three days incarceration, he satisfied the restitution, and also claims he was incarcerated pursuant to an illegal sentence. Butler seeks compensation for the forty-three days he was illegally detained, together with punitive damages and legal expenses.

I. SCREENING

A prisoner's complaint against a governmental entity, officer, or employee must be reviewed to identify whether it sets forth cognizable claims. 28 U.S.C. § 1915A(a). The complaint must be dismissed if the prisoner has raised claims that: (1) are legally frivolous

or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the complaint must be given the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). All factual allegations must also be weighed in favor of Butler, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Regardless of whether a plaintiff is represented or appearing *pro se*, their complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

To survive screening under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 29 S.Ct. 1937, 1950 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 545-46.

## II. DISCUSSION

Butler's complaint should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. *Id.* at 487. *See also Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996). In this case, a judgment in favor of Butler on his complaint for damages would imply the invalidity of his imprisonment in 2002, and Butler does not allege or offer any evidence that his sentence was reversed, expunged or called into question by a state tribunal or federal court. Therefore, his complaint is dismissed.

## III. CONCLUSION

IT IS, THEREFORE, ORDERED that

1. Butler's complaint is DISMISSED WITHOUT PREJUDICE to Plaintiff's right to reassert his claim should his imprisonment be invalidated by a state tribunal or federal court.

2. This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

3. It is certified pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED this 24th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE